NANCY MANGUE, Libellant, *versus* HENRY MANGUE, her Husband.

What certificate of a justice of the peace is not evidence of a legal marriage.
Divorce from the bonds of matrimony will not be decreed unless a legal mar-riage be proved.

THIS was a libel for a divorce from the bonds of mat-
[ * 241 ] rimony, for the cause of adultery, alleged *to have been committed by the husband.  The *libellee* did not appear.

MANGUE *vs.* MANGUE.

*Putnam,* for the *libellant,* to prove the marriage of the parties, offered in evidence a certificate of a justice of the peace of the following purport, *viz.:*—

Be it remembered, that, on the 17th day of ———, came before me, *J. B.,* one of the justices of the peace for the county of ———, *Henry Mangue* and *Nancy Neale,* when the said *Henry Mangue* took the said *Nancy Neale* by her right hand, and voluntarily said, *I take this* Nancy Neale *to be my wedded wife, and I promise to do for her and conduct towards her in all respects according to the rules of the marriage covenant, so long as it shall please God to continue us both in this life,* and then let go her right hand, when the said *Nancy Neale* immediately took the said *Henry Mangue* by his right hand, and voluntarily said, (repeating the words before used, *mutatis mutandis ;*) of which proceedings as aforesaid the said *Henry Mangue* and *Nancy Neale* required of me, the said justice, to make record, and called upon one *S. N.* and *B. S.,* then present, to bear witness to the whole of their proceedings.    Before me,

*S. N.*                          *J. B.,* Justice of the Peace.
*B. S.*

And it appeared that each party signed, and left in the hands of the justice, a writing by which they acknowledged the transactions above mentioned to have taken place, *viz.,* " I take this *N. N.* to be my wedded, &c.," as above recited.

THACHER, J.    Here is no evidence of a marriage—no such evidence as is known in law.    The parties agreed to come together, and they may now agree to separate.

SEWALL, J.    It is apparent, from the certificate which has been shown to the Court, that the justice *did not [ * 242 ] act officially.    He has not certified that the parties were legally joined in marriage by him.    He was merely a private witness of the transaction, like the rest of the witnesses present.    I do not undertake to say that this was not a marriage as to *civil* purposes, nor how it might operate as to civil contracts ; but as to the case before the Court, there must have been such a marriage as is pointed out by the acts of the legislature, (*stat.* 1785, *c.* 69,) for *such only* are we authorized to dissolve.

SEDGWICK, J.    I have no doubts upon the question before the Court.    But I intentionally avoid giving any opinion as to the effect of the transactions as relative to civil contracts ; nor will I say what effect they would have in exculpation of the parties upon prosecutions against them for lewdness, cohabitation, adultery, &c.    *This* Court is authorized to dissolve marriages for the cause alleged in the libel ; but they must be such marriages as the law considers to be, to all intents and purposes, legal marriages

Whether, therefore, there has or has not been what the law might, to certain purposes, consider as a marriage in fact, I am clear that there is not evidence of such a marriage as the act of the legislature considers as a marriage, to *all* intents and purposes legal ; and of such only can we take notice. (1)

A divorce was not decreed, and the

*Libel dismissed.*

(1) When parties came to a tavern where there was a justice of the peace, and there, in his presence, declared that they took each other respectively for man and wife, but he, as the witness expressed it, "refused to take an active part," it was decided that, as the magistrate did not appear to have acted in his official character, the marriage was void. *Milford* vs. *Worcester*, vol. vii. 48.

Long cohabitation as man and wife, is received as evidence of marriage in a question of settlement. *Newburyport* vs. *Boothbay*, vol. ix. 414.

In an indictment for adultery, the record of the marriage is not necessary ; but it may be proved by witnesses. Indeed, witnesses are necessary to prove the identity of the parties. *Commonwealth* vs *Norcross*, vol. ix. 492.